## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER POTRYKUS | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | NO. 08-3729 |
| | : | |
| CSX TRANSPORTATION, INC. | : | |

## MEMORANDUM AND ORDER

Kauffman, J.                                                              February  24  , 2009

Now before the Court is Defendant CSX Transportation, Inc.'s Motion to Transfer Venue
(the "Motion").  For the reasons discussed below, the Motion will be granted.


## I.  BACKGROUND

This action arises from alleged repetitive stress injuries sustained by Plaintiff Peter L.
Potrykus ("Plaintiff") in the course of his employment with Defendant CSX Transportation, Inc.
("Defendant").  Plaintiff alleges that during his employment, he worked "in and around
Walbridge, Ohio" and "was exposed to excessive and harmful cumulative trauma to his knees
due to the bending, crawling, kneeling, squatting, climbing and walking on ballast, with which he
performed his work for Defendant."  Compl. ¶ 8.  On August 6, 2008, Plaintiff filed his
Complaint, seeking damages under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§
51 et seq.  On October 24, 2008, Defendant filed the instant Motion, arguing that the action
should be transferred to the Northern District of Ohio, Western Division.

## II.  LEGAL STANDARD

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  It is undisputed that this action "might have been brought" in the Northern District of Ohio, Western Division.  See 45 U.S.C. § 56 (explaining that under FELA, an action may be brought "in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action").  The Third Circuit has recognized a number of factors relevant to the transfer inquiry:

> (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) "convenience of the parties as indicated by their relative physical and financial conditions"; (5) "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; (6) the location of books and records; (7) the enforceability of the judgment; (8) practical considerations that could expedite or simplify trial; (9) the level of court congestion in the two fora; (10) "the local interest in deciding local controversies at home"; (11) the public policies of the fora; and (12) in a diversity case, the familiarity of the two courts with state law.

In re Amendt, 169 F. App'x 93, 96 (3d Cir. 2006) (quoting Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995)).  Each transfer decision is unique.  See, e.g., Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964))).  As the Third Circuit has explained, the burden is on Defendant to show that a balancing of these factors weighs in favor of transfer.  See, e.g., Jumara, 55 F.3d at 879 ("The

-2-

burden of establishing the need for transfer still rests with the movant.").  "Although § 1404(a) gives a district court the discretion to decide a motion on a case-by-case basis, these motions are not to be granted liberally."  <u>Pro Spice, Inc. v. Omni Trade Group, Inc.</u>, 173 F. Supp. 2d 336, 339 (E.D. Pa. 2001) (citing <u>Shutte v. Armco Steel Corp.</u>, 431 F.2d 22, 25 (3d Cir. 1970)).

## III.  ANALYSIS

Defendant argues that because Plaintiff worked primarily in the Northen District of Ohio, because the alleged injuries were sustained in the Northen District of Ohio, and because the known witnesses reside in or near the Northern District of Ohio, transfer to that district is appropriate pursuant to Section 1404(a).  The Court agrees.  While a plaintiff's choice of forum generally receives some degree of deference, "[t]he preference for honoring a plaintiff's choice of forum is simply that, a preference; it is not a right."  <u>E.I. Dupont de Nemours & Co. v. Diamond Shamrock Corp.</u>, 522 F. Supp. 588, 592 (D. Del. 1981); <u>see also</u> <u>Rowles v. Hammermill Paper Co.</u>, 689 F. Supp. 494, 496 (E.D. Pa. 1988) ("To insist that plaintiff's choice of forum is controlling would be to render § 1404(a) meaningless.  Equally important is the balancing of the other relevant choice-of-forum considerations.").  Moreover, because Plaintiff does not reside in the Eastern District of Pennsylvania and has never worked in the Eastern District of Pennsylvania, his choice of forum is entitled to little weight.  As numerous courts have explained, "when the central facts of a lawsuit occur outside of the chosen forum, plaintiff's choice of forum is accorded less weight."  <u>Nat'l Prop. Investors v. Shell Oil Co.</u>, 917 F. Supp. 324, 327 (D.N.J. 1995); <u>see also</u> <u>Lomanno v. Black</u>, 285 F. Supp. 2d 637, 644 (E.D. Pa. 2003) ("[P]laintiff's choice of forum merits less deference when none of the conduct complained of

occurred in plaintiff's selected forum." (quoting <u>Rowles</u>, 689 F. Supp. at 496)).

Plaintiff contends that because this case was brought under FELA, his choice of forum is entitled to special deference despite his lack of ties to the Eastern District of Pennsylvania.[1] However, numerous decisions have analyzed transfer of a FELA action in the same manner as any other action.  <u>See, e.g.</u>, <u>Edsall v. CSX Transp., Inc.</u>, 2006 U.S. Dist. LEXIS 82798, at *5 (S.D. Ill. Nov. 14, 2006) ("The Court is simply not persuaded by plaintiff's assertion that under the Federal Employers' Liability Act ('FELA') his choice of venue is entitled to greater consideration."); <u>Dominy v. CSX Transp., Inc.</u>, 2006 U.S. Dist. LEXIS 9422, at *5 (E.D. Pa. Mar. 9, 2006) ("Transfer is no more restrictive in FELA cases than in any other civil action."); <u>Meyer v. Union Pac. R.R. Co.</u>, 2003 U.S. Dist. LEXIS 26469, at *11 (D. Colo. Dec. 1, 2003) ("Where plaintiff's preferred forum has no significant connections to the cause of action it is accorded little or no weight, even in a FELA action."); <u>Colandrea v. AMTRAK</u>, 2000 U.S. Dist. LEXIS 1395, at *8 (E.D. Pa. Jan. 28, 2000) (Kauffman, J.) ("Plaintiff's contention that his choice of forum is entitled to special consideration because his action is brought under the FELA . . . is

---

[1]      Plaintiff relies on several cases that have given special deference to a FELA plaintiff's choice of forum.  <u>See, e.g.</u>, <u>Szabo v. CSX Transp., Inc.</u>, 2006 U.S. Dist. LEXIS 3862, at *4 (E.D. Pa. Feb. 1, 2006) (explaining that despite the general rule giving less weight to a plaintiff's choice of a foreign forum, "the plaintiff's choice of forum in a FELA case is a 'substantial right'" and is entitled to additional deference (quoting <u>Boyd v. Grand Trunk W. R.R. Co.</u>, 338 U.S. 263, 266 (1949))).  While <u>Boyd</u> held that the right to select the initial forum was substantial, nothing in the opinion addresses the distinct question of whether, once a FELA suit is brought properly in a selected forum, a transfer is warranted under Section 1404(a).  <u>See Ex Parte Collett</u>, 337 U.S. 55, 60 (1949) (finding that Section 1404(a) applies in FELA actions and explaining that "[s]ection 6 of [FELA] defines the proper forum; § 1404(a) of the Code deals with the right to transfer an action properly brought.  The two sections deal with two separate and distinct problems.").  As one court has noted, "Section 1404(a) was drafted, in part, to provide a mechanism for the transfer of FELA cases brought under FELA's broad venue provision in inconvenient forums."  <u>De Jesus v. Nat'l R.R. Passenger Corp.</u>, 725 F. Supp. 207, 208 (S.D.N.Y. 1989) (citing 28 U.S.C. § 1404 revisor's note (1948)).

subject to doubt."); De Jesus, 725 F. Supp. at 208 ("Plaintiff's argument that the FELA venue provision should be interpreted as a mandate to accord plaintiff's forum choice exceptional weight is without merit.").  Accordingly, given his complete lack of ties to the Eastern District of Pennsylvania, Plaintiff's choice of forum is accorded little weight.

   With respect to the availability of witnesses, the Court finds that it would be more convenient for this action to proceed in the Northen District of Ohio, Western Division. Plaintiff's coworkers and supervisors, many of whom are no longer employed by Defendant, are beyond the subpoena power of the Court and would be unavailable for trial in the Eastern District of Pennsylvania unless they are willing to testify voluntarily.  See Aff. of Norbert W. Trojanowski ¶¶ 4, 6 (explaining that all known potential witnesses reside in Ohio or Michigan and that "[e]very witness in this case is located outside the subpoena power of the Eastern District of Pennsylvania," including "Plaintiff's former co-workers and supervisors" who are no longer employed by Defendant), attached to Def.'s Mot. at Ex. A.  Accordingly, the Court finds that this factor weighs heavily in favor of a transfer.

   While Plaintiff makes much of the fact that Defendant can afford to litigate in this district, the question is not whether the defendant has the resources to litigate in a plaintiff's chosen forum.  Rather, the question is, after taking into account the relative financial positions of the parties, it would be more convenient for the parties to litigate in the alternative forum. Defendant has submitted an affidavit explaining that, with respect to the witnesses it continues to employ, "it would be a burden . . . to transport those employees/witnesses to Philadelphia, Pennsylvania for the trial and also pay their wages and expenses for the duration of the time spent at trial, in addition to the burden in replacing those individuals or continuing operations

without those individuals," and that conducting trial in a nearer forum would lessen this burden considerably. Id. ¶¶ 7, 8. Plaintiff has made no argument that litigating in a district where he currently works would present an onerous burden as compared to litigating in the Eastern District of Pennsylvania, a forum with which he has no discernible connection.[2] Therefore, the Court concludes that the financial burden on Defendant litigating in this district outweighs any unexplained inconvenience Plaintiff may face litigating in the Northen District of Ohio.

Based on the arguments and documents submitted, the Court finds that the interests of justice warrant a transfer. This action involves workplace injuries sustained in the Northern District of Ohio and witnesses who live in or near that district. Because the controversy is centered in the Northern District of Ohio, the home forum has an interest in resolving the instant dispute. Moreover, "[b]ecause of the relatively short period of time the instant action has been on this court's docket and the lack of any formal development of the record, a transfer will not significantly disrupt the litigation or result in a waste of judicial resources." Zokaites v. Land-Cellular Corp., 424 F. Supp. 2d 824, 841 (W.D. Pa. 2006). Under these facts, the Court finds that the Jumara factors relevant to this action warrant a transfer to the Northen District of Ohio, Western Division. See, e.g., Dominy, 2006 U.S. Dist. LEXIS 9422, at *13 (transferring an action to the Northern District of New York where the plaintiff worked exclusively in that district and had no connection to the Eastern District of Pennsylvania); Whigham v. CSX Transp., Inc., 2005 U.S. Dist. LEXIS 2778, at *4 (E.D. Pa. Feb. 23, 2005) (transferring an action to the Middle

---

[2]     Indeed, the only apparent tie Plaintiff has to this forum is the fact that his counsel is present here. It is beyond dispute, however, that "the convenience of counsel is not a factor that is relevant in deciding a motion brought under 28 U.S.C. § 1404(a)." Matt v. Baxter Healthcare Corp., 74 F. Supp. 2d 467, 469 (E.D. Pa. 1999).

District of Florida because "[t]his case has minimal connection to Pennsylvania.  The Plaintiff neither lives nor works here, and most, if not all, of the operative facts occurred in the Jacksonville, Florida area.").

## IV.  CONCLUSION

For the reasons given above, the Court will transfer the action to the Northen District of Ohio, Western Division.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PETER POTRYKUS** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | **NO. 08-3729** |
| | : | |
| **CSX TRANSPORTATION, INC.** | : | |

<u>**ORDER**</u>

**AND NOW**, this    24th    day of February, 2009, upon consideration of Defendant's Motion to Change Venue (docket no. 8) and Amended Motion to Change Venue (docket no. 16), and Plaintiff's Response in Opposition (docket no. 11), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**, and this case is **TRANSFERRED** to the United States District Court for the Northern District of Ohio, Western Division.

**BY THE COURT:**

  **S/ BRUCE W. KAUFFMAN**
**BRUCE W. KAUFFMAN,  J.**